IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **RALPH M. WILSON AND MAXINE DEL CARMEN WILSON** | * | **CIVIL ACTION NO. 07-0297** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **AMERISTAR CASINO VICKSBURG, INC., AND AMERISTAR CASINO, INC., TINICIA HILL AND SAFECO INSURANCE COMPANY OF AMERICA** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer filed by Defendant Ameristar Casino Vicksburg, Inc. ("ACVI"). [Document No. 12]. After review of the law and evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction and venue in this Court are proper, and recommends that the Defendant's Motion be **DENIED**.

## BACKGROUND

Plaintiffs Ralph Wilson and Maxine Del Carmen Wilson ("Plaintiffs"), residents of Texas, filed suit in the Sixth Judicial District Court, Parish of Madison, State of Louisiana, against non-resident defendants ACVI, Tinicia Hill ("Hill"), and Safeco Insurance Company of America ("Safeco")[1] seeking damages allegedly resulting from an automobile accident that occurred on January 26, 2006, on the Mississippi River Bridge at Vicksburg, Mississippi. Specifically, Plaintiffs allege that (1) Hill was a customer of ACVI in Vicksburg, Mississippi,

---

[1] Safeco is Plaintiffs' uninsured motorist insurance carrier.

where she was served alcohol even after becoming visibly intoxicated; (2) upon leaving ACVI in an intoxicated state, Hill attempted to drive eastward to her home in Mississippi; (3) however, Hill mistakenly began to drive West in the eastbound lanes of travel across the Mississippi River Bridge; (4) while driving across the bridge, Hill was involved in a motor vehicle accident with the vehicle occupied by Plaintiffs, who were traveling east in their proper lanes of travel; (5) the impact between Plaintiffs' vehicle and that operated by Hill occurred immediately over the Louisiana line from Mississippi, though Plaintiffs' vehicle came to a point of rest in Mississippi as a result of the impact; and (6) the accident was the result of the negligence and dram shop violations of ACVI and the conduct of Hill.  Complaint, Document No. 1.  Defendants removed the action to this Court on February 15, 2007.

On March 14, 2007, ACVI filed the instant motion to dismiss and/or transfer arguing that this Court lacks general personal jurisdiction over it due to its lack of continuous and systematic contacts with the state of Louisiana or, in the alternative, that this case should be transferred to the Western Division of the United States District Court for the Southern District of Mississippi in accordance 28 U.S.C. §1406.

## LAW AND ANALYSIS

*A. Personal Jurisdiction*

The Federal Rules of Civil Procedure permit a district court to exercise jurisdiction over a nonresident corporate defendant only if permitted to do so by state law.  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).  The Louisiana Long Arm Statute is coextensive with the Due Process Clause of the Fourteenth Amendment to the Constitution.  *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *see also* La.R.S. 13:3201.  "The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant

when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

"'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine*, 205 F.3d at 215. "Specific jurisdiction over a nonresident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that 'arise our of or related to ' those activities." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1984)). "General jurisdiction, on the other hand, will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are 'continuous and systematic.'" *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).

"When, as here, the district court conducted no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a *prima facie* case supporting jurisdiction." *Id.* The Court ". . . must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine*, 205 F.3d at 215. "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

Jurisdictional Facts

ACVI is a Mississippi corporation with its principal place of business in Vickburg, Mississippi. Def. Ex. C at 1. ACVI is licensed to do business and conduct gaming activities by the state of Mississippi and does not hold nor has it ever held any licenses or permits of any kind in Louisiana. *Id.* at 2. ACVI does not own nor has it ever owned property or had any offices in Louisiana. *Id.* at 3. ACVI does, however, advertise in Louisiana as follows:

- ACVI advertises on up to five radio stations located in Louisiana, averaging around 60 spots in the course of a month;
- ACVI advertises one or two days a week on average in the Monroe News Star and advertised in three issues of Arkla-Tex Magazine two years ago;
- ACVI advertises on a total of five different billboards in Louisiana, one immediately on the other side of the river, one in Monroe, and one at the Monroe airport;
- ACVI advertises on an average of five days a week on three network television stations in Louisiana, all of which are located in Monroe;
- ACVI sends direct mailers to Louisiana residents based on play at the casino.

Def. Ex. D.

Because in this case Plaintiffs' cause of action does not arise (and Plaintiffs do not allege it arises) out of ACVI's contacts with the forum state, this Court does not have specific jurisdiction over ACVI. The issue, then, is whether the above-stated advertising constitutes "continuous and systematic" contact with Louisiana sufficient to afford this Court personal jurisdiction over ACVI. The Fifth Circuit has held in no uncertain terms that national advertising campaigns do not, in and of themselves, support a finding of general jurisdiction. *Bearry v.*

4

*Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987). However, localized advertising may constitute sufficient minimum contacts to support the exercise of general jurisdiction, and numerous courts in the Fifth Circuit faced with advertising contacts similar to those of ACVI have ruled in favor of exercising jurisdiction.

In *Gorman v. Grand Casino of Louisiana, Inc.-Coushatta*, 1 F.Supp.2d 656 (E.D.La. 1998), the court found that the defendant casino's numerous local advertising contacts in a "concentrated geographic locale," including advertising in the local telephone directories, on local billboards, and on local television and radio stations, were sufficient minimum contacts to support a finding of general jurisdiction. *Id.* at 659. In so holding, the court relied on two Fifth Circuit cases in which the court noted that ". . . there was no evidence in the record that the defendants had advertised products or services locally such that they could reasonably expect to be haled into court in the forum state." *Id.* (citing *Loumar, Inc. v. Smith*, 698 F.2d 759, 764 (5th Cir. 1983); *Growden v. Ed Bowlin & Assoc.*, 733 F.2d 1149, 1152 n.6 (5th Cir. 1984)); *see also Morgan v. Coushatta Tribe of Indians of Louisiana*, 214 F.R.D. 202 (E.D.Tex. 2001) (adopting verbatim the factual findings of *Gorman*).

Likewise, in *Grabert v. New Palace Casino, L.L.C.*, 2003 WL 21999351 (E.D.La. 2003), the court found that the Mississippi casino advertised on the radio and in publications in Louisiana; entered into agreements with bus companies located in Louisiana to transport Louisiana patrons to the casino; specifically targeted Louisiana residents who were members of its Player's Club with direct mail; offered incentives to Louisiana groups and clubs to entice them to the casino; and offered incentives through telemarketing and direct personal mail. Id. at *3. Based on these contacts, the court found that the casino conducted ". . . several activities that

[were] purposefully aimed at convincing Louisiana patrons to spend money at their casino and resort" and thus found that general jurisdiction over the casino existed. *Id.* at *4.

Finally, in *Northlake Cardiology Associates v. Alpha Gulf Coast, Inc.*, 1995 WL 739865 (E.D.La. Dec. 11, 1995), the court found that the defendant casino's advertisements along the highway near the Louisiana/Mississippi border were clearly intended to solicit business from Louisiana residents as patrons for the casino and therefore that the casino's contacts with Louisiana were sufficiently continuous and systematic to support the exercise of general jurisdiction. *Id.* at *3; *see also Nayani v. Horseshoe Entertainment*, 2007 WL 1062561 (N.D.Tex. April 10, 2007) (finding that Horseshoe's acts of extensively advertising on Texas billboards and radio stations and directly mailing coupons and other solicitations to Texas members of its select customer club, among other things, supported a finding of general jurisdiction).

The Court finds the above cases extremely persuasive on the facts *sub judice*. The record evidences that ACVI has numerous local advertising contacts with the state of Louisiana, including regular radio, television, newspaper, and billboard advertising. Moreover, ACVI sends direct mail to Louisiana residents who patron the casino. Thus, in actively soliciting patrons from Louisiana, ACVI has purposely availed itself of the benefits of doing business in Louisiana and could reasonably expect to be haled into the state's courts. Accordingly, the requirement of continuous and systematic contacts with the forum state is satisfied in this case.

After finding that ACVI has minimum contacts with the state of Louisiana sufficient to support the exercise of general jurisdiction, the Court must proceed to the second prong of the due process inquiry and decide whether the exercise of jurisdiction over non-resident ACVI offends traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at

316.  In so doing, the Court must consider the following factors:  (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; (5) the states' shared interest in furthering fundamental social policy.  *Asahi Metal Ind. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 (1987).

     In the present case, ACVI would not be unduly burdened by litigating in Monroe, Louisiana.  ACVI, which literally sits on the Louisiana/Mississippi border, is located approximately 70 miles from Monroe.  Therefore, Monroe is relatively close to the location of ACVI.  ACVI argues that fairness and convenience dictate that this case should be tried in Jackson, Mississippi.  However, Vicksburg is approximately 40 miles from Jackson; thus, ACVI is going to have to travel no matter where this case is litigated, and there is no substantial difference in travel distance between Vicksburg and Jackson or Monroe.  Conversely, transfer of this case to Mississippi will work additional hardship on Plaintiffs as they have obtained Louisiana counsel and Plaintiffs' residence in Dallas, Texas, is approximately two hours (125 miles) closer to Monroe than it is to Jackson.  Second, although ACVI argues that the fact that Plaintiffs are not Louisiana residents relieves Louisiana of an interest in this case, the car accident at issue did occur on the Louisiana side of the Mississippi River Bridge.  Moreover, the fact that ACVI is actively soliciting business in Louisiana and the fact that Louisiana residents regularly patronize the casino gives the state an interest in adjudicating this dispute.  Louisiana has strong interest in ensuring its citizens are protected from potentially tortious conducting occurring just across its border which has the potential of causing damage in Louisiana.  Finally, despite the fact that this litigation is still in its early stages, dismissal or transfer would result in delay in the case's progress.  *Grabert* at *4.

Thus, after considering the above factors, the undersigned finds that requiring ACVI to litigate in this Court does not offend the traditional notions of fair play and substantial justice. Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction should be DENIED.

*B. 28 U.S.C. 1404(a)*

Defendant argues that this Court should transfer this action to the Western Division of the Southern District of Mississippi under 28 U.S.C. § 1404(a) for the convenience of the witnesses, convenience of the parties, and in the interest of justice. It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Bearden v. United States*, 320 F.2d 99 (5th Cir.1963), *cert. denied*, 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1964). Section 1404(a) authorizes the transfer of a civil action from one federal forum in which the venue is proper to another federal forum in which venue is proper and "where it might have been brought," if the court determines that the transfer is "(f)or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964)(citing *Continental Grain Co. v. Barge F.B.L. – 585*, 364 U.S. 19, 26-27, 80 S.Ct. 1470, 1474-75 (1960)). Since it is undisputed that this suit was properly filed in a Louisiana state court, properly removed to the Western District of Louisiana, and could originally have been brought in the Southern District of Mississippi,[2] the only issue before this

---

[2] 28 U.S.C. § 1391 allows civil actions founded on diversity of citizenship to be brought in a judicial district in "which a substantial part of the events or omissions giving rise to the claim occurred." The basis of Plaintiffs' action is the allegation that ACVI's employees continued to serve alcohol to a visibly intoxicated Hill at the Vicksburg casino.

Court is whether a transfer is "for the convenience of parties and witnesses, in the interest of justice."

Under section 1404(a), the moving party carries the burden of proving that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Becnel v. Smile Community Action Agency, Inc.*, 207 F.Supp 2d. 520, 522 (M.D.La., 2001). A defendant who moves for a transfer under section 1404(a) is required to show; (1) that the original forum is inconvenient for him, and (2) that the plaintiff would not be substantially inconvenienced by the transfer. 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3849, at 408 (1986). Accordingly, when assessing a motion to transfer venue, a court must consider whether a transfer would make it *substantially* more convenient for the parties to produce evidence or witnesses. *E.g., Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir.1963) (emphasis added).

While a 1404(a) transfer requires a lesser showing of inconvenience than is necessary to obtain a *forum non conveniens* dismissal, the moving defendant still carries the burden to prove that the balance is strongly in favor of the requested venue. *See Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F.Supp. 375, 383 (W.D.La. 1996); s*ee also Davidson v. Exxon Corp.*, 778 F.Supp. 909, 911 (E.D.La.1991); *AT & T v. MCI Communications Corp.*, 736 F.Supp. 1294, 1306 (D.N.J.1990); *Lee v. Hunt*, 431 F.Supp. 371, 380 (W.D.La.1977). The factors to be considered in a section 1404(a) inquiry are the same as the *forum non conveniens* factors set forth in *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947): (1) convenience of the witnesses (including cost to attend trial and availability of compulsory process); (2) convenience to the parties (relative ease of access to proof, location of exhibits,

possibility of viewing premises, enforceability of a judgment, and possibility that plaintiff is harassing defendants by selecting inconvenient forum); (3) public interests (congestion of court docket, whether jury duty should be imposed on citizens for cases arising outside their docket, desirability of settling local questions locally, and whether the court is familiar with the law that governs the case). *Icon Indus. Controls Corp.*, 921 F.Supp., at 383. Of these categories, the convenience of witnesses is most important. *Id*. The plaintiff's choice of forum is typically afforded considerable deference; this deference, however, is lessened when the facts giving rise to the dispute occurred outside of the forum chosen by the plaintiff. *Id.* at 384 (citing *Peteet v. Dow Chem., Co.* 868 F.2d 1428, 1436 (5th Cir. 1989).

<u>Convenience of Witnesses</u>

In order for this Court to approve a transfer of venue, the party seeking a transfer for the convenience of witnesses must clearly specify the key witnesses and make a general statement of what their testimony will cover. *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212, 218 (M.D.La.1981); *see also* 15 Wright, Miller & Cooper § 3851, at 425. The emphasis is not on the number of prospective witnesses, but rather on the materiality and importance of their anticipated testimony. *Young v. Armstrong World Industries, Inc.*, 601 F.Supp. 399, 401 (N.D.Tex.1984). ACVI provided an affidavit listing potential witnesses; however, the affidavit states only that the individuals may or may not have knowledge of Hill's presence or activities at the casino, including her drinking and level of intoxication. Therefore, ACVI did not provide a statement of what each individual's testimony would cover. Regardless, even if the testimony of the witnesses identified by ACVI is material, given that the distance between Vicksburg and Jackson or Monroe is comparable, there will not be a substantial difference in the costs to

ACVI's witnesses of attending a trial at either location. Plaintiffs and some of their witnesses, however, would have to travel an additional two hours if this case were transferred to Mississippi, no doubt resulting in greater cost and inconvenience to them.[3] Moreover, nearly all of the key witnesses listed by ACVI are either Louisiana residents subject to this Court's compulsory process[4] or can be compelled to testify by ACVI based on their employee status,[5] and there is no indication that Plaintiffs' witnesses who reside in Texas outside the subpoena power of this Court, namely their treating physician, would be unwilling to travel to Louisiana to testify. Thus, this Court believes that the defendant has shown nothing more than that a transfer would shift any possible inconvenience from the defendant to the plaintiffs. *See Tapia v. Dugger*, 2006 WL 2620530, *4 (W.D.Tex. 2006) ("Another consideration in analyzing the availability and convenience of witnesses is where the only result is to shift the balance of inconveniences from the moving party to the non-moving party.")

Convenience of the Parties

---

[3] Plaintiffs state that, although Mr. Wilson was initially treated at a hospital in Mississippi, he continued treatment with physician in Texas; thus, one of the Plaintiffs' chief medical witnesses is a resident of Texas.

[4] The majority of the remainder of ACVI's witnesses reside in Vickburg, Mississippi, which is within 100 miles of this Court; therefore, such individuals are also subject to this Court's subpoena power. ACVI does name as witnesses some Mississippi residents who live outside of the 100-mile bulge, and one individual who lives in Murfreesboro, TN; however, while these individuals may not be compelled by this Court to appear at trial, they may be subpoenaed for a deposition which can be used at trial in lieu of their testimony.

[5] ACVI argues that if these employees ceased to be employed at the casino, they will not be able to compel such individuals to testify. However, again, such individuals can be subpoenaed for depositions which can be used at trial in lieu of their live testimony, and if they live in the Vicksburg area, or anywhere within the 100 mile bulge, they are within the subpoena power of this Court regardless of their employment.

When examining the convenience of the parties, the Court looks to the ease of access to proof, location of exhibits, possibility of viewing premises, enforceability of a judgment, and the possibility that the plaintiff is harassing the defendant by choosing an inconvenient forum. *Icon Indus. Controls Corp.*, 921 F.Supp., at 383. Neither ease of access to proof, locations of exhibits, possibility of viewing the premises, nor enforceability of a judgment plays a decisive role under the circumstances of this case. It is unlikely that a personal injury case such as the one at bar will be particularly document intensive nor can the undersigned discern any need to view the casino or the situs of the accident. Moreover, given the minimal difference in distance between Vickburg and Jackson or Monroe, the Court does not find Plaintiffs to be harassing ACVI by choosing the Western District of Louisiana in Monroe over the Southern District of Mississippi in Jackson. In fact, had Defendants not chosen to remove this case, trial would have taken place in Madison Parish, which is actually closer to Vicksburg than Jackson is. Both parties argue that it would be more convenient for their own side if the litigation were in the venue each prefers, but Defendants have failed to persuade the Court that they would be substantially inconvenienced by trial in Monroe.

<u>Public Interest</u>

Of the factors listed previously, there is no need for lengthy analysis of the congestion of the courts' docket or the burden of jury duty because ACVI presented no argument or evidence that those factors weigh heavily in favor of transfer. ACVI does argue at length that this is a local Mississippi dispute and thus should be adjudicated in Mississippi. However, while Mississippi certainly has an interest in this matter, this dispute is not purely local to Mississippi as the Plaintiffs reside in Texas and the accident occurred in Louisiana. ACVI also argues that a

Mississippi court should adjudicate this case because Mississippi law will apply; however, the fact that a federal court may need to apply state law from a different forum is not to be accorded great weight in deciding a motion to transfer, especially where the applicable state law appears to be clear.  *See Busch v. Sea World of Ohio*, 95 F.R.D. 336, 341 (W.D.Pa.1982); *Breindel v. Levitt and Sons, Inc.*, 294 F.Supp. 42, 44 (E.D.N.Y.1968).  ACVI has made no contention that Mississippi law in this area is unsettled or unclear, nor have they contended that this Court would encounter any difficulty in applying Mississippi law.  "[F]or this court to apply foreign law is not such an unusual circumstance to require transfer." *Ocean Science*, 312 F.Supp. at 830.  This Court has encountered no difficulties in applying Mississippi state law in other cases, and does not foresee such difficulty in this case.

 In light of the above considerations, the Court concludes that this case should not be transferred from this venue.  ACVI has failed to demonstrate that the balance of factors necessitates a transfer.  Crucial to the Court's decision is that the most important factor, the convenience of the witnesses, would not be significantly improved by a transfer.  In fact, a change in venue would simply transfer any possible inconvenience from the Defendants to some of Plaintiffs' key witnesses.  Therefore, for the reasons stated above, it is recommended that the Motion to Transfer Venue be DENIED**.**

## **CONCLUSION**

For the reasons state above, it is recommended that Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer Venue be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific,

written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 10th day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE