IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **RALPH M. WILSON AND** <br> **MAXINE DEL CARMEN WILSON** | * | **CIVIL ACTION NO. 07-0297** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **AMERISTAR CASINO VICSKBURG, INC.** <br> **ET AL.** | | |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel[1] filed by defendant Ameristar Casino Vicksburg, Inc. ("Ameristar"). (Doc. #45). Plaintiffs Ralph Williams and Maxine Williams oppose the motion. (Doc. #50). For the reasons stated below the motion to compel is **GRANTED IN PART and DENIED IN PART**.

Ameristar asks this court to compel sworn responses to numerous interrogatories and requests for production. The plaintiffs agree to provide supplemental responses for each of the interrogatories and requests for production, except for two: "Interrogatory No. 4 to Ralph Wilson" and "Request for Production No. 18." (Doc. #50). Consequently, the undersigned need not compel production of the majority of the requested information. Should the plaintiffs' supplemental responses be insufficient or **unsworn**, however, Ameristar has the right to reurge its motion to compel. Accordingly, the motion to compel is **DENIED IN PART**.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

With regard to the two contested requests, the undersigned agrees with Ameristar's objections and, as a result, orders supplemental, **sworn** responses. The plaintiffs' original response to "Interrogatory No. 4 to Ralph Wilson" is insufficient. The plaintiffs must provide an answer that lists specific persons with knowledge of the "advertisements, inducements, and promotions" and specifies the particular advertisements, inducements, and promotions that induced Tinicia Hill to go to the casino on the night of the incident, if known. If there are no such persons, advertisements, inducements, or promotions, the sworn answer should state that fact.

Similarly, the plaintiffs' response to "Request for Production No. 18" is insufficient as well. The plaintiffs must specifically identify which previously produced documents are responsive to Ameristar's request. The plaintiffs' identification of those documents does not supplant or negate its duty to provide any supplemental information promised in their response to the motion to compel. (Doc. #50). Accordingly, to the extent Ameristar's motion to compel seeks responses to "Interrogatory No. 4 to Ralph Wilson" and "Request for Production No. 18," it is **GRANTED**.

**THUS DONE AND SIGNED** this 17th day of January, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE