RECEIVED
IN MONROE, LA
SEP 19 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RALPH M. WILSON, ET AL. | CIVIL ACTION NO. 07-0297 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AMERISTAR CASINO VICKSBURG, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Plaintiffs Ralph M. Wilson and Maxine Del Carmen Wilson's (collectively referred to as "the Wilsons") Motion for Default Judgment [Doc. No. 100] against Defendant Tinicia Hill ("Hill"). The Motion is unopposed. For the following reasons, the Motion is GRANTED, a default judgment is entered against Hill, and the Wilsons are awarded $1,668,689.10 in compensatory damages and $100,000.00 in punitive damages, for a total award of $1,768,689.10.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 26, 2006, Mr. Wilson, who was traveling eastbound on I-20, collided with Hill, who was traveling westward in the eastbound lane of I-20. The collision occurred on the Mississippi River Bridge in Louisiana. Hill had recently left the Ameristar Casino in Vicksburg, Mississippi, where she had been drinking and gambling. A sobriety test revealed that her blood alcohol content was 0.151. She was arrested and charged with driving while intoxicated. At the time of the collision, Hill was an uninsured motorist.

On January 23, 2007, the Wilsons filed suit in state court against the casino and its insurance company and Hill [Doc. No. 1-2]. The case was subsequently removed to this Court on the basis of

diversity jurisdiction on February 15, 2007 [Doc. No. 1].

Hill did not file an answer to the Wilsons' Petition.

On March 3, 2008, the Clerk of Court entered a preliminary default judgment against Hill for failing to appear [Doc. No. 57].

On September 5, 2008, the Court dismissed the Wilsons' claims against the casino and its insurance company [Doc. No. 99] pursuant to a joint motion to dismiss [Doc. No. 97]. On the same day, the Wilsons filed a Motion for Default Judgment [Doc. No. 100] against Hill.

## II. LAW AND ANALYSIS

### A. Default Judgment

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of a default judgment by the Court when the plaintiff's claim does not involve "a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1), (2). The Court may conduct a hearing to determine the amount of damages, but Rule 55(b)(2) "gives the judge wide latitude in determining whether such a hearing will be beneficial." *James v. Frame (In re frame)*, 6 F.3d 307, 311 (5th Cir. 1993).

The Court finds that Hill is in default: she has failed to make an appearance or otherwise defend this suit. *See* FED. R. CIV. P. 55(a). Because Hill is in default, the Court must examine whether a default judgment should be entered. The Wilsons have established that Hill is liable for the injuries caused: she entered the interstate traveling in the wrong direction and collided with Mr. Wilson's vehicle. The Court must also decide the comparative fault of Hill, Mr. Wilson, and the co-

defendants. *See* LA. CIV. CODE art. 2323 (comparative responsibility). The Wilsons contend that Hill should be found at least ninety-percent liable for damages. Based on the undisputed facts, the Court agrees.

## B. Compensatory Damages

The Court must also decide what amount of damages, if any, should be awarded. *See* LA. CIV. CODE art. 2315 (compensatory damages). As a result of the collision, Mr. Wilson has suffered new injuries to his back as well as aggravation of preexisting back injuries. Specifically, Mr. Wilson has trouble walking and maintaining his balance. Mr. Wilson has undergone two surgeries since the collision, including the insertion of a pump to manage pain, and continues to suffer ongoing pain and discomfort, as well as limited mobility. As a result of these injuries, Mr. Wilson cannot find a job, enjoy many former activities, and engage in normal sexual relations with his wife.

The Court has reviewed Mr. Wilson's testimony, documentary evidence, and expert reports. The Court finds that the Wilsons have offered competent evidence of past and future medical expenses of $662,391.00 and past and future lost earnings of $641,708.00. The Wilsons also request damages for physical pain and suffering of $250,000.00; emotional pain and suffering of $250,000.00; loss of consortium of $100,000.00[1]; and physical disability of $500,000.00. The Court has reviewed jury awards for similar injuries summarized in *Eason's Louisiana Quantum Book*. LAWYERS RESEARCH PUBLISHING COMPANY, EASON'S LOUISIANA QUANTUM BOOK (Jamie H. Eason & Tobin J. Eason eds., 2008). The Court finds that $125,000.00 for physical pain and suffering, $125,000.00 for emotional pain and suffering, $50,000 for loss of consortium, and $250,000.00 for

---

[1] The Wilsons did not offer Mrs. Wilson's testimony; however, Mr. Wilson testified to the effects of his physical disability on Mrs. Wilson and their relationship.

3

physical disability, for a total compensatory damages award of $1,854,099.00, are sufficient to compensate the Wilsons for their injuries.

### C. Punitive Damages

The Wilsons request $1,000,000.00 in punitive damages. Article 2315.4 provides:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

LA. CIV. CODE art. 2315.4.

A sobriety test revealed that Hill's blood alcohol content was 0.151. In addition, Hill entered an interstate going the wrong direction and caused an accident over a major body of water. The Court, therefore, finds that Hill acted with wanton and reckless disregard to the safety of others by driving while intoxicated. *See Selvage v. Robert Levis Chevrolet*, 96-1035 (La. App. 5 Cir. 07/29/97); 698 So. 2d 442, 445. Unlike compensatory damages, which may be apportioned among tortfeasors, Hill is solely responsible for punitive damages. *See Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02); 828 So. 2d 546, 555 (citing *Berq v. Zummo*, 00-1699 (La. 4/25/01); 786 So. 2d 708) (Article 2315.4 "target[s] only the conduct of the intoxicated driver of the motor vehicle" and "does not allow the imposition of punitive damages against persons who have allegedly contributed to the driver's intoxication.").

The Court has reviewed jury awards under similar circumstances summarized in *Eason's Louisiana Quantum Book*. LAWYERS RESEARCH PUBLISHING COMPANY, EASON'S LOUISIANA QUANTUM BOOK (Jamie H. Eason & Tobin J. Eason eds., 2008). In terms of the amount of punitive damages, there is no evidence that Hill has a history of alcohol-related accidents or other

4

circumstances that would justify a $1,000,000.00 punitive damage award. The Court finds that $100,000.00 in punitive damages is sufficient to punish and deter Hill and others from engaging in similar behavior in the future.

## III. CONCLUSION

For the foregoing reasons, the Wilsons' Motion for Default Judgment [Doc. No. 100] is GRANTED, a default judgment is entered against Hill, and the Wilsons are awarded $1,668,689.10[2] in compensatory damages and $100,000.00 in punitive damages, for a total award of $1,768,689.10.

MONROE, LOUISIANA, this 19th day of September, 2008.

                                      ROBERT G. JAMES
                                      UNITED STATES DISTRICT JUDGE

---

[2]This figure reflects Hill's ninety-percent responsibility for compensatory damages.